1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

EUREKA DIVISION

7
8
9
10
11
12

DOROTHY ANN WOOLSEY,

Plaintiffs,

v.

CAROLYN W. COLVIN,

Defendants.

Case No.  16-cv-00280-NJV

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 16

13
14

Plaintiff Dorothy Ann Woolsey seeks judicial review of an administrative law judge

15

("ALJ") decision denying her application for disability insurance benefits and supplemental

16

security income under Titles II and XVI of the Social Security Act.  Plaintiff's request for review

17

of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals

18

Council.  The ALJ's decision is the "final decision" of the Commissioner of Social Security,

19

which this court may review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Both parties have consented

20

to the jurisdiction of a magistrate judge.  (Docs. 6 & 9.)  For the reasons stated below, the court

21

will grant Plaintiff's motion for summary judgment, and remand this action for further

22

proceedings.

23

**LEGAL STANDARDS**

24

**T**he Commissioner's findings "as to any fact, if supported by substantial evidence, shall be

25

conclusive."  42 U.S.C. § 405(g).  A district court has a limited scope of review and can only set

26

aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

27

error.  *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial

28

evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

United States District Court
Northern District of California

United States District Court
Northern District of California

1   as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

2   F.3d 978, 979 (9th Cir. 1997).  "In determining whether the Commissioner's findings are

3   supported by substantial evidence," a district court must review the administrative record as a

4   whole, considering "both the evidence that supports and the evidence that detracts from the

5   Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).  The

6   Commissioner's conclusion is upheld where evidence is susceptible to more than one rational

7   interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

8                              **SUMMARY OF THE MEDICAL EVIDENCE[1]**

9        *Mental Impairments:*

10       Plaintiff claims that her mental impairments are major depressive disorder, bipolar

11  disorder, social phobia, panic disorder with agoraphobia, and personality disorder.  AR 13.  She

12  was seen on January 17, 2013, by Ronald V. Cordova, M.D., at St. Joseph Hospital emergency

13  room for treatment of cuts to her left wrist resulting from a suicide attempt.  AR 365.  On January

14  18, 2013, Plaintiff was admitted for inpatient psychiatric treatment at Sempervirens Psychiatric

15  Hospital by Jasen Christensen, D.O., Staff Psychiatrist with Humboldt County Mental Health.  AR

16  303.  On January 20, 2013, Dr. Christensen diagnosed Major Depressive Disorder recurrent,

17  severe without psychosis, and findings of "significant impairment in important areas of life

18  functioning, including difficulty in maintaining appropriate social skills and attention to ADL's."

19  AR 305.  The psychiatric treatment records of Jonathan Greenberg, M.D., of Humboldt County

20  Mental Health, over the period of March 8, 2013 (AR 309), to May 2, 2014 (AR 456), consistently

21  report severe symptoms. On eight examinations, Dr. Greenberg assessed GAF 1 scores between

22  41 and 42. The highest GAF score rated was 52, which occurred only once.  AR 470.

23       On August 9, 2013, state agency psychologist Timothy Schumacher, Ph.D., found that

24  Plaintiff could complete one to two step assignments for up to two hour intervals and that stress

25  from close interactions with the general public and from critical supervision aggravates her

26

27  ───────────────

28  [1]  These facts are mostly taken verbatim from Plaintiff's Motion.  *See* Pl. Mot. (Doc. 16) at 2-4.
    Defendant did not object to Plaintiff's statement of the facts, which this court takes to mean that
    they are undisputed under Federal Rule of Civil Procedure 56(e).

                                                    2

depression-anxiety symptoms.  AR 68-69.  On January 13, 2014, state agency psychologist Phaedra Caruso-Radin, Psy.D., found that Plaintiff was limited to simple tasks, with no close interaction with the public or critical supervision.  AR 82-84.  On March 27, 2015, Aliuddin Khaja, M.D., telehealth physician for Humboldt County Mental Health, found that "the patient has a mental illness and is unable to function without medication."  AR 445-446.  The psychological CE of Ahmed El Sokkary, Psy.D., on June 18, 2015, found anxious mood and affect, signs of internal preoccupation and impaired recall, and concluded that Plaintiff would experience brief interruptions in the work day due to psychological symptoms, but she would otherwise satisfactorily perform work-related tasks.  AR 491-500.

August 24, 2015, Gary Freedman, M.D., a psychiatrist at Humboldt County Mental Health, found that Plaintiff was unable to independently perform activities of daily living and Dr. Freedman prescribed in-home health support.  AR 518.  Treatment records of Jeanne Patterson, LCSW, over the period of May 6, 2014 (AR 455), through September 9, 2015 (AR 557), consistently observe "functional impairments exist due to client's problems with anxiety including panic and difficulty with ADLs which interfere with all areas of life functioning including employment."  AR 449.

*Physical Impairments:*

Plaintiff alleged physical impairments of degenerative disc disease of the lumbar spine, osteoarthritis of the knees, and restless leg syndrome.  AR 21-22.  Treatment records of Ellen Taylor, PA, over the period of July 25, 2012 (AR 326), through July 9, 2015 (AR 524), show ongoing observation of back pain (AR 427) and knee pain (AR 435).  Treatment records of Noelle Camarena, RN, for August 27, 2013, and August 29, 2013, note treatment of restless leg syndrome.  AR 354.  On August 22, 2014, x-rays of both knees found mild bilateral osteoarthritic degenerative changes and a small suprapatellar spur in the left knee.  AR 421.  On February 8, 2014, a lumbar spine x-ray found a minor loss of disc height at L5-S1 and a suspicion of mild bilateral sacroiliitis, right greater than left.  AR 422.

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show

United States District Court
Northern District of California

3

1   that she has the "inability to do any substantial gainful activity by reason of any medically

2   determinable physical or mental impairment" which has lasted or is expected to last for twelve or

3   more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.  The ALJ must consider all evidence in the

4   claimant's case record to determine disability (*id.* § 416.920(a)(3)), and must use a five-step

5   sequential evaluation to determine whether the claimant is disabled (*id.* § 416.920).  "[T]he ALJ

6   has a special duty to fully and fairly develop the record and to assure that the claimant's interests

7   are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

8       Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step

9   sequential evaluation.  AR 19-33.

10       At Step One, the claimant bears the burden of showing she has not been engaged in

11   "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R.

12   § 416.920(b).  If the claimant has worked and the work is found to be substantial gainful activity,

13   the claimant will be found not disabled.  *Id.*  The ALJ found that Plaintiff had not engaged in

14   substantial gainful activity since her alleged onset date.  AR 21.

15       At Step Two, the claimant bears the burden of showing that she has a medically severe

16   impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii), (c).  "An impairment is

17   not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no

18   more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d

19   683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)).  The ALJ found that Plaintiff

20   suffered the following severe impairments:  major depressive disorder, bipolar disorder, social

21   phobia, panic disorder with agoraphobia, and a personality disorder.  AR 22.  The ALJ determined

22   that Plaintiff's impairments of degenerative disc disease of the lumbar spine and osteoarthritis of

23   the lumbar spine are not severe.  *Id*.

24       At Step Three, the ALJ compares the claimant's impairments to the impairments listed in

25   appendix 1 to subpart P of part 404.  *See* 20 C.F.R. § 416.920(a)(4)(iii), (d).  The claimant bears

26   the burden of showing her impairments meet or equal an impairment in the listing.  *Id.*  If the

27   claimant is successful, a disability is presumed and benefits are awarded.  *Id.*  If the claimant is

28   unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to

United States District Court
Northern District of California

4

1   Step Four.  *Id.* § 416.920(a)(4)(iv),(e).  Here, the ALJ found that Plaintiff did not have an

2   impairment or combination of impairments that met or medically equaled one of the listed

3   impairments.  AR 23.  Next, the ALJ found that Plaintiff had the residual functional capacity to

4   perform a full range of work at all exertional levels, with several non-exertional limiations.  AR

5   25.

6       At Step Four, the ALJ found that Plaintiff could not perform her past relevant work.  AR

7   30.

8       At Step Five, after consulting with a vocational expert, the ALJ found that there were a

9   significant number of jobs that Plaintiff could perform in the national economy.  AR. 31.

10  Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social

11  Security Act," through the relevant time period.  AR 31.

12                              **DISCUSSION**

13      Plaintiff raises three challenges to the ALJ's decision, arguing that: (1) "[t]he ALJ

14  committed harmful legal error in ruling [Plaintiff's] back and knee conditions were non-severe;'

15  (2) "[t]he ALJ committed harmful legal error in improperly rejecting the treating physician's

16  opinion;" and (3)"[t]he ALJ committed harmful legal error in failing to fully consider Plaintiff's

17  physical impairments and to what degree Plaintiff's physical impairments affected her functional

18  ability."  Pl.'s Mot. (Doc. 16) at 5, 6, & 9.

19                              **DISCUSSION**

20      Plaintiff argues that the ALJ erred in failing to find Plaintiff's back and knee pain to be

21  severe impairments at Step Two of the sequential evaluation.  This issue is related to the third

22  issue because the RFC determination follows the Step Two finding.  Defendant responds by

23  arguing that no error occurred because Plaintiff failed to meet her burden to show that her neck

24  and knee pain significantly limited her ability to perform basic work activities.

25      "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight

26  abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'

27  S.S.R. No. 96–3(p) (1996)."  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  "An

28  impairment or combination of impairments may be found not severe *only if* the evidence

United States District Court
Northern District of California

5

1   establishes a slight abnormality that has no more than a minimal effect on an individual's ability to

2   work." *Id*. (internal citation omitted)(emphasis in original).  Step Two then, is "a *de minimis*

3   screening device [used] to dispose of groundless claims."  *Id*. at 687 (internal quotation omitted).

4        When evaluating Plaintiff's complaints of severe neck and knee pain at Step Two, the ALJ

5   noted that "X-rays of the lumbar spine and the knees revealed no more than mild arthritic changes

6   (Exh. 10F/5-6)."  AR 22.  The ALJ also stated that while Plaintiff "displayed tenderness over the

7   lumbar spine and the knees on physical examination," she "exhibited only mild crepitus at the

8   knees, no appreciable range of motion deficits, full motor strength, intact sensation, and no signs

9   of joint instability (Exh. 7F/10, 32; Exh. 11F/6, 14)."  *Id*.  Further, the ALJ pointed to the

10  conservative nature of Plaintiff's treatment for pain in her back and knees and the lack of evidence

11  in the record that Plaintiff attended physical therapy treatment.  Finally, the ALJ pointed to the

12  state agency non-examining physician who opined that Plaintiff suffers no severe physical

13  impairment and gives the opinion great weight.  AR 23.

14       Plaintiff argues that the ALJ erred in her analysis because she failed to consider the

15  evidence from Plaintiff's primary care person, Ellen Taylor, a Physician's Assistant, or Plaintiff's

16  own testimony regarding her limitations because of pain.  Defendant fails to address these

17  arguments.  Instead, Defendant argues that the ALJ's opinion is supported by substantial evidence.

18       Plaintiff summarizes the evidence of record not discussed, or seemingly considered by the

19  ALJ as follows:

20

21       On July 25, 2014, Mrs. Taylor describes the reason for the visit as being bilateral
         knee pain that is preventing the plaintiff from being able to exercise and gives
         primary diagnoses as knee pain, low back pain and back pain. (AR 435)  On

22       December 19 2014, Mrs. Taylor describes the primary diagnosis as being back
         pain, knee pain and joint pain. (AR 427)  On July 9, 2015, Mrs. Taylor finds the

23       plaintiff positive for back pain and neck pain and notes the plaintiff's statement that
         she can no longer get out and do her own shopping because her legs hurt too much.

24       (AR 524)

25  Pl.'s Reply (Doc. 19) at 2-3.  Plaintiff also summarizes her statements in support of her physical

26  impairments as follows:

27       The plaintiff testified that she has arthritis in her knees and lower back (AR 45),
         that she has to do dishes in three parts because of back problems (AR 49), and that

28       she can no longer walk the 15 or 20 minutes to the grocery store because of pain.

1  (AR 49-50) The plaintiff described impairments as having a significantly greater than minimal effect on the ability to do basic work.

2  *Id*. at 3.

3  The court finds that the ALJ's failure to discuss this evidence in making the Step Two

4  determination was reversible error.  While the ALJ is certainly able to reject evidence of record

5  when making the Step Two determination she must at the very least provide reasons for doing so.

6  *See e.g. Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("The ALJ may discount testimony

7  from [a physician's assistant] if the ALJ gives reasons germane . . . for doing so" and "the ALJ

8  must give specific, clear and convincing reasons in order to reject the claimant's testimony about

9  the severity of the symptoms.") (internal quotations omitted.).

10  The Commissioner's attempts to ignore Plaintiff's arguments and instead focus the court

11  on evidence in support of the ALJ's Step Two finding are misguided.  It is not for this court to

12  evaluate the ignored evidence, assign it weight and then reweigh it against the other evidence of

13  record, or to provide a *post hoc* justification for its rejection.  Instead, the court is to review the

14  ALJ's evaluation of the evidence.  This is why the Commissioner "may not reject 'significant

15  probative evidence' without explanation."  *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)

16  (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).  The evidence outlined above

17  is consistent with Plaintiff's claims and should have either been accepted or specifically rejected

18  by the ALJ.  Accordingly, the court finds that the ALJ erred.

19  "The ALJ's failure to address plaintiff's [degenerative disc disease of the lumbar spine and

20  osteoarthritis of the knees] at Step Two indicates that the ALJ may not have accounted for all of

21  plaintiff's impairments during subsequent steps of the sequential evaluation process."  *Richard v.

22  Colvin*, No. C13-6055 RBL, 2015 WL 2085610, at *4 (W.D. Wash. May 5, 2015).  The court

23  finds, therefore, that it cannot resolve the additional issues raised by Plaintiff until the error in the

24  Step Two analysis is corrected.  *See Haverlock v. Colvin*, No. 2:12-CV-2393 DAD, 2014 WL

25  670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at

26  Step Two, the court need not address plaintiff's remaining claims.").

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: February 3, 2017

_____

NANDOR J. VADAS
United States Magistrate Judge